IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                            No. 6:06-cr-60020-MC

        v.                                                 **OPINION AND ORDER**

**RAHEIM ANTONE CARTER**,

        Defendant.

McSHANE, District Judge.

On January 31, 2017, I granted Defendant Raheim Antone Carter's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 and Motion to Expedite. ECF Nos. 87, 90, 100. This matter comes before me on the Government's Motion for Reconsideration. ECF No. 102. The Government's motion is GRANTED.

**Legal Standards**

**I.      28 U.S.C. § 2255**

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

A petitioner must file his motion seeking relief under § 2255 within a one-year statute of limitations, which runs from the latest of four dates: (1) when the judgment of conviction became

final; (2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) when the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A petitioner may make a second or successive motion under § 2255 if a panel of the appropriate court of appeals certifies that the motion contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

## II.     Motion for Reconsideration

Motions for reconsideration are disfavored and are only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Motions for reconsideration are granted sparingly. *Id.* at 1263; *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may not be used to present arguments that were or could have been raised in the initial motion. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

## Background

### I.     Factual Background

On September 26, 2006, Defendant Raheim Antone Carter was convicted by guilty plea of Conspiracy to Commit Bank Robbery, in violation 18 U.S.C. §§ 371 and 2113(a), and Bank

Robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). ECF Nos. 42, 45. Mr. Carter had previously been convicted of Unlawful Possession of a Short-Barreled Gun in violation of ORS 166.272 in 2001 and two counts of Coercion in violation of ORS 163.275 in 2002. PSR ¶¶ 38, 41.

At sentencing, the Court found that Mr. Carter's prior convictions and the instant offense constituted "crimes of violence" under the Career Offender definition in U.S.S.G. §§ 4B1.1 and 4B1.2. This resulted in a base offense level of 32 and a Criminal History Category of VI. Mr. Carter received a three level reduction for acceptance of responsibility, resulting in a total offense level of 29 and a guideline range of 151 to 188 months. Mr. Carter was sentenced to 168 months. ECF No. 46.

If Mr. Carter had not been found to be a Career Offender, his total offense level would have been 23 with a Criminal History Category V. Under those circumstances, Mr. Carter's guideline range would have been 84 to 105 months. PSR, at 16.

Mr. Carter objected to the Career Offender enhancement at the time of sentencing and filed a direct appeal of his sentence. The Ninth Circuit dismissed Mr. Carter's appeal, finding that his waiver of appeal rights was enforceable because he had been sentenced to a range within the plea agreement. *United States v. Carter*, 245 F. App'x 673 (9th Cir. 2007), *cert. denied*, 552 U.S. 1125 (2008). Mr. Carter then filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255, which was denied. ECF Nos. 68, 75. Mr. Carter attempted to appeal the denial, but his appeal was dismissed as untimely. ECF Nos. 85, 86.

A panel of the Ninth Circuit issued its certification of Mr. Carter's second or successive § 2255 motion on June 23, 2016. ECF No. 87.

## II.     Post-Sentencing Developments in the Law

The Armed Career Criminal Act ("ACCA") required that courts impose a sentence of not less than fifteen years on defendants who have three previous convictions for a violent felony or a serious drug offense or both. 18 U.S.C. § 924(e)(1). The ACCA defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against another; or (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The final clause, highlighted above, was known as the "residual clause."

In June 2015, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson v. United States*, ___U.S.___, 135 S.Ct. 2551, 2555-57 (2015). In April 2016, the Supreme Court held that *Johnson* had announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___U.S.___, 136 S.Ct. 1257, 1264-65 (2016).

Like the ACCA, the United States Sentencing Guidelines factor in a higher sentence for defendants with prior convictions for crimes of violence. The definition of "crime of violence" under U.S.S.G. §§ 4B1.1 and 4B1.2 closely tracked the definition of a "violent felony" under the ACCA:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2012) (emphasis added). [1]

Given the similarity between the ACCA and the Guidelines, the cases interpreting one residual clause were used to guide interpretation of the other. *United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013).

Neither *Johnson* or *Welch* explicitly addressed the issue of the Guidelines and the Ninth Circuit acknowledged an "open question" as to whether § 4B1.2(a)(2)'s residual clause remained valid in light of *Johnson*. *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) (assuming without deciding that *Johnson* nullifies the Guidelines residual clause); *see also United States v. Lee*, 821 F.3d 1124, 1127 (9th Cir. 2016) (acknowledging the Circuit split). The Circuits were further split as to whether the *Johnson* decision applied retroactively in Guidelines cases. *Compare In re Hubbard*, 825 F.3d 225 (4th Cir. 2016) (*Johnson* may be retroactive as to Guidelines); *In re Patrick*, 833 F.3d 584 (6th Cir. 2016) (holding same), *with Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016) (*Johnson* not retroactive on Guidelines); *In re Arnick*, 826 F.3d 787 (5th Cir. 2016) (holding same); *In re Griffin*, 823 F.3d 1350 (11th Cir. 2016) (holding same).

On June 27, 2016, the Supreme Court granted certiorari in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (2016). In *Beckles*, the Supreme Court addressed whether the residual clause of § 4B1.2(a) is, like the similar residual clause in the ACCA, subject to a vagueness challenge under the Due Process clause. On March 6, 2017, while this motion was pending, the Supreme Court issued its decision in *Beckles v. United States*, ___U.S.___, No. 15-8544, 2017 WL 855781 (Mar. 6, 2017).

---

[1] U.S.S.G. § 4B1.2 was amended in November 2016. The current version eliminated the residual clause and includes a longer list of enumerated offenses.

Page 5 – ORDER

**Discussion**

The Government contended, in the first instance, that the questions at issue in this case would be resolved by the *Beckles* decision and that this matter should be stayed.  As the Supreme Court has now issued its decision, the question of a stay is moot.

The Government also argued that the Supreme Court's decision in *Johnson* was not made retroactive on collateral review for cases involving Career Offender designations under the Guidelines and that Mr. Carter is barred from filing a second § 2255 motion.  I rejected both arguments and the Government moved for reconsideration.  As *Beckles* represents an intervening change in the controlling law, I find that reconsideration is appropriate.

On the fundamental question of whether the holding of *Johnson* applies to the Guidelines, the Supreme Court held that, unlike the ACCA,

> [T]he advisory Guidelines do not fix the permissible range of sentences.  To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.  The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 2017 WL 855781, at *6.

All of Mr. Carter's relevant convictions fell within the scope of the § 4B1.2(a)(2) residual clause, if they were not at least arguably covered by one of the other clauses.  Mr. Carter's § 2255 motion rests entirely upon the contention that the § 4B1.2(a)(2) residual clause is void for vagueness.  In light of *Beckles*, that argument can no longer be sustained.  Accordingly, the Government's motion for reconsideration is GRANTED and Mr. Carter's motion under 28 U.S.C. § 2255 is DENIED.

**Conclusion**

The Government's Motion for Reconsideration, ECF No. 102, is GRANTED. In light of *Beckles*, Defendant's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255, ECF No. 87, is DENIED. The resentencing hearing currently set for March 8, 2017 at 2:30 p.m., ECF No. 107, is VACATED.

It is so ORDERED and DATED this 7th of March, 2017.

                                              s/ Michael J. McShane
                                              Michael J. McShane
                                              United States District Judge